IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RODERICK G. FORIEST

VS.                                          CIVIL ACTION NO. 2:14cv120-KS-MTP

JOHNNIE DENMARK

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
DISMISSING CASE WITH PREJUDICE, ETC.</u>

This cause is before the Court on Petition of Roderick G. Foriest for *Writ of Habeas Corpus* pursuant to 28 U.S. C. § 2254 [1], and Respondent's Motion to Dismiss Pursuant to § 2244(d) [7].  The Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation [9], and Respondent, Johnnie Denmark, has filed a Response in Opposition to Petitioner's Objections [10].  The Court has considered all of the above, the record and pleadings in this case, as well as the Report and Recommendations of Magistrate Judge Michael T. Parker [8], and hereby finds as follows:

I. PROCEDURAL HISTORY

On October 3, 2007, Petitioner Robert Foriest was convicted of the unlawful sale of cocaine and conspiracy to sell cocaine in Walthall County Circuit Court, Mississippi.[1] Petitioner was sentenced to a life term without the possibility of parole in the Mississippi Department of Corrections for each count.[2] The Mississippi Court of Appeals affirmed Petitioner's conviction

---

[1]Form of the Verdicts [7-1].

[2]Sentence [7-2].

1

and sentence in a written opinion on January 27, 2009.[3] On March 6, 2009, the Mississippi Court of Appeals granted Petitioner's motion requesting additional time to file a motion for rehearing.[4] Petitioner was ordered to file the motion for rehearing on or before March 23, 2009, but failed to do so. The Mississippi Court of Appeals issued a mandate entering a final judgment on March 31, 2009.[5]

Petitioner submitted an Application for Leave to Proceed in the Trial Court and a Motion for Post-Conviction Collateral Relief on September 22, 2011.[6] The Mississippi Supreme Court denied Petitioner's application on December 2, 2011.[7] Foriest submitted another Application and Motion for Post-Conviction Collateral Relief on April 10, 2014,[8] which was also denied by the Mississippi Supreme Court.[9]

Petitioner filed the instant petition sometime between July 17, 2014, the date it was signed, and July 29, 2014, the date it was stamped "filed." [10] The Respondent contends that the petition was not timely filed and that it should be dismissed.

---

[3]*Foriest v. State*, 4 So. 3d 385 (2009).

[4]Order [7-4].

[5]*See* Mandate [7-5].

[6]Application for Leave to Proceed in the Trial Court [7-6].

[7]Order [7-7].

[8]Application or Leave to Proceed in the Trial Court [7-8].

[9]Order [7-9].

[10]Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner files a lengthy Objection [9] to the Magistrate Judge's Report and Recommendation. However, he does admit that the one year statute of limitations period to file his petition began to run on March 23, 2009, when the extension for filing a motion for rehearing in the Court of Appeals ended.  Petitioner follows with his Objections that the Post Conviction Relief Petition filed in Case Number 2011-M-01415 before the Mississippi Supreme Court on April 20, 2014, was exempted from procedural or time bars.  He argues that the one year period did not begin to run until June 20, 2014, when his post conviction petition above described was

denied.

He continues that a claim of illegal sentence or denial of due process at sentencing must be considered regardless of when it is raised and is not time barred under the three year statute of limitations for the Mississippi Post Conviction Collateral Relief Act. He also argues that a miscarriage of justice has occurred because of his actual innocence.

In his claim of actual innocence he rehashes a great deal of the testimony and proof presented in the State Court proceeding and in the initial appeal to the Mississippi Court of Appeals. He also argues double jeopardy, claiming that his two convictions were one and the same. He further argues that there was insufficient evidence to support the conviction for sale of cocaine and conspiracy to sell cocaine.

This Court has reviewed carefully Petitioner's claims and finds that his objection to time bar is not well taken. There is a one year statute of limitations, which has clearly run pursuant to § 2244(d). The claim that the very nature of his petition exempts him from the application of the federal one year statute of limitations is not correct. He presents no justification for equitable tolling.

As to the actual innocence claim, he states no new evidence. The jury heard the evidence in the initial trial and found against Petitioner. There is nothing to support Petitioner's claim that the evidence is insufficient. This is in addition to his claiming no new evidence.

The petition is clearly barred by the one year statute of limitations under the AEDPA and the objections are not well founded.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of

the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Foriest's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Roderick G. Foriest's claim is **dismissed with prejudice**.

SO ORDERED this, the 5th  day of February, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE